Filed 9/20/24  Teixeira v. Borello CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| GABRIEL TEIXEIRA, | C098610 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FL0769) |
| v. | |
| CATARINA BORELLO, | |
| Defendant and Appellant. | |

Plaintiff Gabriel Teixeira filed a petition to determine parentage (petition) in El Dorado County where his former girlfriend defendant Catarina Borello had lived before moving out of state with the parties' child.  As part of the proceedings related to the petition, Borello obtained a domestic violence restraining order.  Believing El Dorado County lacked jurisdiction to hear Teixeira's petition, the trial court denied the petition and vacated the domestic violence restraining order.

Borello appeals, arguing the trial court erred by finding it lacked jurisdiction.  Borello further raises various procedural claims aimed at reversing the trial court's order.

1

Teixeira, representing himself in propria persona, did not file a brief on appeal. We agree with Borello that the trial court had jurisdiction to hear the petition under the Uniform Child Custody Jurisdiction and Enforcement Act (Act) (Fam. Code,[1] § 3400 et seq.) and thus it also had jurisdiction to hear the request for a domestic violence restraining order made during that proceeding. Accordingly, we reverse the trial court's order denying the petition and vacating the domestic violence restraining order. Given this result, we do not need to address Borello's remaining procedural claims.

FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2022, Teixeira filed the petition to determine his parental relationship to a four-month-old child he had with Borello. In the petition, Teixeira declared that Borello lived in California. In a declaration of jurisdiction filed with the petition, Teixeira declared the child lived with Borello in El Dorado County from birth until the filing of the petition.

On November 8, 2022, Borello filed a request for a domestic violence restraining order. In a text message submitted with Borello's request for a restraining order and in an accompanying request for child custody, Borello indicated that she and the child had not lived in California since the beginning of August. On December 2, 2022, the court issued an order restraining Teixeira from abusing or contacting Borello. In the order, Teixeira's address was listed as being in Quincy, which is located in Plumas County.

On March 2, 2023, the trial court continued a hearing due to inclement weather. In an accompanying tentative ruling, the trial court indicated it had "concerns regarding El Dorado County being the proper jurisdiction for this matter." Specifically, the court cited to documents filed in the case, which provided Borello lived out of state, Teixeira

---

[1]     Further undesignated section references are to the Family Code.

lived in Plumas County, and the child was born in Placer County. On its own motion, the trial court set a hearing to address the issue of jurisdiction.

On March 6, 2023, after a hearing where all parties were present, the trial court adopted its tentative ruling finding that El Dorado County did not have jurisdiction over the matter because no party lived in the county. Accordingly, the trial court denied Teixeira's petition and "vacate[d] all orders nunc pro tunc back to the date of issue of [December 2, 2022]," which included the domestic violence restraining order.

Borello appeals.

DISCUSSION

Borello contends the trial court erred by finding El Dorado County lacked jurisdiction to hear Teixeira's petition and her request for a domestic violence restraining order. We agree.

"The [Act] is the exclusive method of determining subject matter jurisdiction in child custody cases. [Citations.] Subject matter jurisdiction over a child custody dispute either exists or does not exist at the time the petition is filed, and jurisdiction under the [Act] may not be conferred by mere presence of the parties or by stipulation, consent, waiver, or estoppel. [Citation.] [¶] The purposes of the [Act] are 'to avoid jurisdictional competition between states or countries, promote interstate cooperation, avoid relitigation of another state's or country's custody decisions and facilitate enforcement of another state's or country's custody decrees.' " (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1287.)

" 'Pursuant to the [Act], California courts have jurisdiction over child custody determinations only if the child's home state is California, or the child's home state does not have jurisdiction or declined jurisdiction in favor of California. [Citation.]' [Citation.] The [Act] prioritizes home state jurisdiction over other bases of jurisdiction." (*Schneer v. Llaurado*, *supra*, 242 Cal.App.4th at p. 1287.)

Relevant to this appeal, in determining jurisdiction based on a child's home state, section 3421 provides that a California court "has jurisdiction to make an initial child custody determination" if "[t]his state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state." (§ 3421, subd. (a)(1).) Section 3402 defines the home state of a child less than six months as "the state in which the child lived from birth with any [parent or person acting as a parent]." (§ 3402, subd. (g).)

Here, the parties' court filings establish the child lived in California from birth to a few weeks before the petition was filed. Thus, California was the child's home state within six months of the commencement of the proceeding because the child had lived in California since birth. (§ 3402, subd. (g).) Further, although the child was absent from the state at the time the petition was filed, Teixeira, the child's father, continued to live in California. Accordingly, as a California court, the trial court had jurisdiction to hear the petition at the time it was filed. (§ 3421, subd. (a).)

Once a state exercises jurisdiction under the Act, it "has exclusive, continuing jurisdiction over the determination until either of the following occurs: [¶] (1) A court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships"; or "(2) [a] court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." (§ 3422.) The trial court did not make a finding concerning Borello's connection to California or the location of the evidence supporting the future custody order, and Teixeira remained in California. Thus, section 3422 cannot serve as the basis to find a lack of jurisdiction.

4

Under the Act, a court "may [also] decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum," but must first "allow the parties to submit information" and consider "all relevant factors," including those set forth in section 3427, subdivision (b).  (§ 3427, subds. (a), (b).)  The trial court neither allowed the parties to submit information nor considered the relevant statutory factors.  Thus, section 3427 cannot be the basis for the trial court's finding of a lack of jurisdiction.  Accordingly, the trial court had jurisdiction to hear the petition and the related request for a domestic violence restraining order.

### DISPOSITION

The order denying the petition and vacating the domestic violence restraining order is reversed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
ROBIE, Acting P. J.


We concur:



/s/
MESIWALA, J.



/s/
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.